IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ACASIO GARCIA VALERIO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25 C 13648** |
| | ) | |
| **KRISTI NOEM, Secretary, U.S.** | ) | |
| **Department of Homeland Security,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Acasio Garcia Valerio, a noncitizen, has petitioned the Court for a writ of habeas
corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs
Enforcement.

### Background

Garcia Valerio is a native of Mexico. He entered the United States without
inspection almost forty years ago and has resided in the country since his entry. On
November 5, 2025, ICE detained Garcia Valerio. He filed this petition for writ of habeas
corpus the next day. The Court temporarily precluded the removal of Garcia Valerio
from the United States and from Illinois, Indiana, or Wisconsin. Garcia Valerio remains
in custody and has not received a bond hearing.

### Discussion

A district court may grant a writ of habeas corpus to any person who
demonstrates that he is "in custody in violation of the Constitution or laws . . . of the

United States."  28 U.S.C. § 2241.

Garcia Valerio filed a petition for writ of habeas corpus alleging that he is being unlawfully detained because respondents will not provide him a bond hearing, as required under 8 U.S.C. § 1226(a).[1]  The respondents argue that the Court lacks jurisdiction and that, even if the Court's review is not barred, Garcia Valerio is not entitled to release because he is lawfully detained under 8 U.S.C. § 1225(b)(2)(A).[2]

As discussed below, the Court concludes that it has jurisdiction over Garcia Valerio's petition and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) at which the government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or flight risk.

## A.    Jurisdiction

The government argues that three sections of the Immigration and Nationality Act strip the Court of jurisdiction over Garcia Valerio's claims:  8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii).

---

[1] Garcia Valerio also argues that his arrest was unlawful under *Castañon Nava v. Department of Homeland Security*, No. 18 C 3757, 2025 WL 2842146 (N.D. Ill. Oct. 7, 2025).  Because the Court concludes that Garcia Valerio is being detained in violation of his procedural due process rights, it need not consider whether a claim for unlawful arrest under the *Castañon Nava* settlement may be brought outside of that case.

[2] Respondents state that the arguments from the brief filed in another case in this district, *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025), apply to this case.  Respondents reference several specific arguments from that brief but do not specifically reference the argument that all respondents except Olson should be dismissed due to lack of standing.  The respondents do not argue in the brief in this case or in the brief adopted from *H.G.V.U.* that Garcia Valerio has not named his immediate custodian as a respondent.  Thus, even if respondents adopted this argument, it would not impact Garcia Valerio's petition.

1.      **Section 1252(g)**

The government argues that § 1252(g) bars jurisdiction because Garcia Valerio

is attempting to use his petition to undermine his removal proceedings.  Section 1252(g)

provides that "notwithstanding any other provision of law (statutory or nonstatutory) . . .

no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien

arising from the decision or action by the Attorney General to commence proceedings,

adjudicate cases, or execute removal orders against any alien under this chapter."

8 U.S.C. § 1252(g).  The Seventh Circuit has stated, however, that § 1252(g) "does not

sweep broadly; only challenges to the three listed decisions or actions—to commence

proceedings, adjudicate cases, or execute removal orders—are insulated from judicial

review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021).  A detainee's claims that

challenge fundamental legal errors that may violate the detainee's due process rights do

not challenge the decision "to commence proceedings, adjudicate cases, or execute

removal orders." *Id.*  Garcia Valerio's petition challenges the unlawful nature of his

detention without a bond hearing, not the respondents' decision to commence

proceedings, adjudicate cases, or execute removal orders.  The Court concludes that

Garcia Valerio's claim is outside the narrow reach of § 1252(g).

2.      **Section 1252(b)(9)**

Additionally, the respondents contend that Garcia Valerio's claim is precluded by

§ 1252(b)(9) because it requires the Court to answer legal questions that arise from the

decision to remove a noncitizen.  Section 1252(b)(9) provides that "no court shall have

jurisdiction, by habeas corpus . . . or by any other provision of law," to review any

questions of law or fact "arising from any action taken or proceeding brought to remove

3

an alien from the United States" except via judicial review of a final order of removal. 8 U.S.C. § 1252(b)(9). Again, Garcia Valerio's claim challenges his detention, not any action or decision related to his removal proceedings, and therefore this Court's review is not precluded by § 1252(b)(9).

### 3. Section 1252(a)(2)(B)(ii)

Lastly, the respondents argue that § 1252(a)(2)(B)(ii) bars review of the "discretionary decision" to detain Garcia Valerio. Section 1252(a)(2)(B)(ii) states: "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1226(a) states: "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The respondents contend that the word "may" in § 1226(a) means that Garcia Valerio's detention is a discretionary decision that is insulated from judicial review by § 1252(a)(2)(B)(ii). But Garcia Valerio seeks review of the scope of the respondents' detention authority under the immigration detention statutes. This threshold legal question is "not a matter of discretion." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The Court concludes that it has jurisdiction over Garcia Valerio's claims.

### B. Basis for detention

Two provisions of the INA govern detention of noncitizens: § 1225 and § 1226. The respondents argue that—even if the Court has jurisdiction—Garcia Valerio is not eligible for release because he is detained under § 1225(b)(2)(A). Garcia Valerio

4

responds that he cannot be detained under § 1225(b)(2)(A) because he was not "seeking admission" at the border at the time of his arrest. Instead, Garcia Valerio argues, § 1226(a) governs his detention because he was already present in the United States when he was arrested and detained.

Numerous judges in this district—including this Court—have held that § 1226(a), not § 1225(b)(2)(A), governs detention of noncitizens who are already in the country because they are no longer "seeking admission." *See, e.g., Garcia Pacheco v. Olson*, No. 25 C 13405, 2025 WL 3281850, at *2 (N.D. Ill. Nov. 25, 2025) (Kennelly, J.); *Cabrera v. Noem*, No. 25 C 12160, 2025 WL 3171288, *3 (N.D. Ill. Nov. 13, 2025) (Kennelly, J.); *Lopez Briseno v. Noem*, No. 25 C 12092, 2025 WL 3145985, *2-3 (N.D. Ill. Nov. 11, 2025) (Kennelly, J.); *Garcia Rios v. Noem*, No. 25 C 13180, 2025 WL 3124173, *3 (N.D. Ill. Nov. 7, 2025); *Galvis Cortes v. Olson*, No. 25 C 6293, 2025 WL 3063636, *4 (N.D. Ill. Nov. 3, 2025) (Kennelly, J.); *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, *6 (N.D. Ill. Oct. 24, 2025); *Padilla v. Noem*, No. 25 C 12462, 2025 WL 2977742, *4 (N.D. Ill. Oct. 22, 2025); *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480, at *7 (N.D. Ill. Oct. 21, 2025); *Ochoa Ochoa* v. *Noem,* No. 25 C 10865, 2025 WL 2938779, at *7 (N.D. Ill. Oct. 16, 2025).

The respondents argue that these decisions are incorrect because any noncitizen who has not been lawfully admitted to the country is "seeking admission" and thus is subject to mandatory detention based on the plain language of § 1225(b)(2)(A). Garcia Valerio argues that these decisions are correct because, as the Supreme Court held in *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018), § 1225(b)(2)(A) only applies to noncitizens "seeking admission into the country," and § 1226(a) applies to noncitizens

5

"already in the country." Respondents cite, without argument, the few district court decisions that disagree with the Court's interpretation of § 1225(b)(2)(A) and § 1226(a). The decision in *Mejia Olalde v. Noem*, No. 25 C 168, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025) is representative of these decisions. Another judge in this district aptly addressed the conflicts between the reasoning in *Mejia Olalde* and the plain language of § 1225(b)(2)(A) and § 1226(a). *Ruiz Melesio v. Olson*, No. 25 C 13291, Dkt. No. 9 at 3-4 (N.D. Ill. Nov. 17, 2025) (Chang, J.). The Court agrees with Judge Chang's analysis and concludes that respondents have provided no compelling reason to depart from its previous decisions.[3]

Garcia Valerio has resided in the country for almost forty years. He is not "seeking admission into the country." *Jennings*, 583 U.S. at 289. Thus mandatory detention under § 1225(b)(2)(A) does not apply, and Garcia Valerio is instead subject to discretionary detention under § 1226(a).

## C. Due process

The Fifth Amendment's Due Process Clause provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. at 690. The Supreme Court has held that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

---

[3] For additional analysis supporting the Court's decision, see *Galvis Cortes*, 2025 WL 3063636, at *4, and *Lopez Briseno*, 2025 WL 3145985, at *2-3.

To determine whether a violation of procedural due process has occurred, courts balance three factors: (1) whether a private interest is implicated by the government action; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

The Court concludes that the respondents' detention of Garcia Valerio under § 1226(a) without a bond hearing violates his right to procedural due process.[4] Garcia Valerio has a private interest in being released from custody. The respondents' decision to detain him erroneously deprives him of that interest. And the government's interest in detaining him without a bond hearing, including any fiscal and administrative burdens, is minimal at best.

Finally, the standard of proof "serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision." *Addington v. Texas*, 441 U.S. 418, 423 (1979). At his bond hearing, the government must prove that detention of Garcia Valerio is justified by clear and convincing evidence of his dangerousness or flight risk. *See Galvis Cortes*, 2025 WL 3063636, at *6.

---

[4] The respondents argue that Garcia Valerio has failed to exhaust administrative remedies. Judicial discretion governs whether exhaustion should be required in this case. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Because the immigration court would deny any request for a bond hearing under *Yajure Hurtado*, any attempt to exhaust administrative remedies by requesting a bond hearing would be futile.

**Conclusion**

For the reasons stated above, the Court grants Garcia Valerio's petition for a writ of habeas corpus [dkt. no. 1].  Respondents must, by December 10, 2025, release Garcia Valerio under reasonable conditions of supervision unless he has, by that date, been provided with a bond hearing before an immigration judge, at which the government shall bear the burden of justifying his continued detention, by clear and convincing evidence of dangerousness or flight risk.  The Court directs the parties to file a status report on or before December 12, 2025 that addresses Garcia Valerio's release status, including when he received a bond hearing, the result of that bond hearing, and the findings made by the immigration judge.  The stay previously entered by the Court on November 7, 2025, and extended on November 14, 2025, is extended through December 16, 2025.  A telephonic status hearing is set for December 16, 2025 at 8:50 AM, using call-in number 650-479-3207, access code 2305-915-8729.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  December 3, 2025